HELEN STONER, Appellee, v. R. E. HUTZELL, Appellant.

No. 40739.

JUNE 20, 1931.

R. F. Clough, for appellant.

L. R. Boomhower, for appellee.

Morling, J.—Among the specifications of negligence in the petition is:

"In driving said automobile at a high, dangerous and excessive rate of speed * * * in excess of 15 miles per hour while * * * upon an upgrade along said highway near the crest of a hill when his view was obstructed within 100 feet * * * in violation * * * of the session laws of the State of Minnesota" (which prohibited speed in excess of) "15 miles an hour in going around curves or along a grade upon a highway when the driver's view was obstructed within a distance of 100 feet along such highway in the direction in which he is proceeding * * *." Plaintiff also charges violation of another section of the Minnesota statute which provides: "The driver of a vehicle shall not overtake and pass another vehicle proceeding in the same direction upon the crest of a grade, or upon a curve in the highway, when the driver's view along the highway is obstructed within a distance of 500 feet."

The only testimony on the subject of obstruction of view was that of a Minnesota officer, which is confusing and without specific measurements, map or plat, but which is nevertheless definite and without qualification that the view was unobstructed for at least 150 feet from the point where the accident occurred immediately preceding which defendant was driving at a speed of 50 miles an hour or more. The officer's testimony is:

"My vision was clear for about 150 feet at that point. There is a hill there. If you stood at the point where the car was on the night of September 28th, you could not see an automobile on the road 500 feet ahead of you. * * * You could not see over 150 feet. * * * At the point where I saw this Pontiac car on the night of the 28th of September, one could see clearly at least 150 feet—not more than that. At that distance it is a part of a turn that goes down grade. The turn starts just a little beyond the place where the decline commences. From the point where I saw the car, looking north say 150 feet, the road starts to go down over the hill—goes down a little. The car laid on a hill,

on an up grade. There is a comparatively level space extending north a little from there. * * *''

This is reiterated by the witness but not qualified. In Instruction No. I, the court set out the Minnesota statutes above quoted and submitted the question of their violation to the jury. Defendant excepted because the instruction was confusing and because plaintiff's evidence showed that the view of the driver was not obscured within a distance of 100 feet. As the record is presented here there is no evidence of obstruction of view within a distance of 100 feet in the direction in which defendant was proceeding though he was driving in excess of 15 miles an hour.

The accident happened while defendant was attempting to pass another car. Plaintiff argues that the view was further obstructed by the car ahead which defendant was trying to pass. But the statute cannot have reference to obstruction of view by a car ahead which the driver of the rear car is trying to pass for if so construed the driver of the rear car would be prohibited from passing it as in any case the head car would be an obstruction to the view regardless of speed. One statute governs speed and contemplates that the rear car will necessarily pass to the left and the driver will have the view of the highway, which if unobstructed within a distance of 100 feet will permit of a speed in excess of 15 miles an hour. The other statute prohibits in any case passing where the view is obstructed within a distance of 500 feet.

The exception to the extent to which it submitted to the jury the violation of the speed statute prohibiting a speed in excess of 15 miles per hour when the view was obstructed within a distance of 100 feet should have been sustained.—Reversed.

FAVILLE, C. J., and EVANS, STEVENS, ALBERT, WAGNER, KINDIG, and GRIMM, JJ., concur.